**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| KATRINA RIVERS LABOULIERE | CIVIL ACTION |
| VERSUS | |
| OUR LADY OF THE LAKE FOUNDATION, ET AL. | 16-785-SDD-SDJ |

### RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendant, Our Lady of the Lake Hospital, Inc. ("OLOL"). Plaintiff, Katrina Rivers Labouliere ("Plaintiff") has filed an *Opposition*[2] to this motion, to which OLOL filed a *Reply*.[3] Plaintiff also filed a *Supplemental Memorandum*[4] regarding a recent Fifth Circuit decision relevant to this matter.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit asserting claims under Section 504 of the Rehabilitation Act of 1973 ("RA"),[5] Section 1557 of the Patient Protection and Affordable Care Act ("ACA"),[6] and the Louisiana Commission on Human Rights ("LCHR").[7] Plaintiff twice amended her *Complaint* prior to an appearance by OLOL.[8] Following motions by OLOL,

---

[1] Rec. Doc. No. 92.
[2] Rec. Doc. No. 108.
[3] Rec. Doc. No. 111.
[4] Rec. Doc. No. 120.
[5] 29 U.S.C. § 794.
[6] 42 USC § 18116.
[7] La. R.S. § 51:2231 *et. seq.*
[8] Rec. Doc. Nos. 3 & 16.
59610

the Court dismissed all private/individual capacity claims asserted by Plaintiff, allowing only her claims brought on behalf of her deceased mother, Katherine Smith, to proceed. Additionally, the Court dismissed all state law claims asserted against OLOL and stayed the federal law claims while the state law claims proceeded through a medical review panel process.[9] The only remaining claims before the Court are Plaintiff's claims brought on behalf of Katherine Smith under the RA and the ACA.

Plaintiff's *Third Amended Complaint* contains the following allegations. Katherine Smith ("Smith") was a profoundly deaf individual who communicated primarily in American Sign Language ("ASL") and was limited in hearing and speaking.[10] On February 27, 2016, Smith and her daughter, Plaintiff, went to the OLOL emergency room because Smith was "yellow like a lemon."[11] Smith and Plaintiff requested an ASL interpreter, but none was provided.[12] Smith was admitted to OLOL, and during the first few days, Smith underwent several tests and was asked to sign medical documents by OLOL staff despite never being provided with any effective auxiliary aids or an interpreter to facilitate communication between Smith and the hospital staff.[13]

Plaintiff alleges that Smith was unable to understand the nature, scope, and seriousness of her illness, was not adequately advised of her diagnoses, prognoses, medications, or treatments, and was unable to ask questions for clarification while

---

[9] Rec. Doc. No. 50. At the conclusion of the medical review panel process, the panel found: "Based on the record, it appears that the physician and the hospital took appropriate measures to have interpreters present, including the patient's daughter, so that the patient understood her clinical condition and made informed decisions." Rec. Doc. No. 92-3.
[10] Rec. Doc. No. 74, ¶ 5.
[11] *Id.* at ¶ 17.
[12] *Id.* at ¶ 18.
[13] *Id.* at ¶¶ 19-48.
59610

admitted at OLOL.[14]  Specifically, Plaintiff claims that, "[a]s a result of Our Lady of the Lake Hospital, Inc.'s failure to provide Ms. Smith with consistent access to effective communication, Ms. Smith received communication services that were objectively substandard and that were inferior to those provided to hearing individuals."[15]

Plaintiff now seeks damages for the alleged violation of Smith's rights under the ADA and RA.  Specifically, she seeks an award of "[c]ompensatory damages pursuant to Section 1557 of the Patient Protection and Affordable Care Act and Section 504 of the Rehabilitation Act; . . . Reasonable costs and attorneys' fees pursuant to Section 1557 of the Patient Protection and Affordable Care Act and Section 504 of the Rehabilitation Act; . . . Interest on all amounts at the highest rates and from the earliest dates allowed by law."[16]  Plaintiff claims these "compensatory damages" are "for the injuries and loss they sustained as a result of Defendant's discriminatory conduct," and that the injuries suffered by Smith were in the form of "pain, invasion of her civil rights, anxiety, indignity, and emotional distress."[17]

OLOL now moves for summary judgment on Plaintiff's claims for compensatory damages, arguing that such damages are unavailable under the ADA and RA.[18]  Plaintiff originally opposed the motion, but now acknowledges that these damages are unavailable pursuant to a recent Fifth Circuit decision.  Plaintiff nevertheless contends she is entitled to nominal damages such that summary judgment remains improper.

---

[14] *Id.* at ¶ 50.
[15] *Id.* at ¶ 57.
[16] *Id.* at p. 15.
[17] *Id.* at ¶ 67.
[18] Based on this contention, OLOL also moves for summary judgment on Plaintiff's request for attorney's fees.

59610

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact.[20] A court must deny the motion for summary judgment if the movant fails to meet this burden.[21]

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."[22] This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim.[23] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[24]

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment.[25] The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.[26] Under this standard, a genuine issue of material fact exists if a reasonable

---

[19] Fed. R. Civ. P. 56.
[20] *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).
[21] *Id.*
[22] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted).
[23] *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990).
[24] *Anderson*, 477 U.S. at 249 (citations omitted).
[25] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).
[26] *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).
59610

trier of fact could render a verdict for the nonmoving party.[27]

   **B. Compensatory Damages under the ADA and/or RA**

In *Jane Cummings v. Premier Rehab Keller, P.L.L.C.*,[28] nearly identical claims were asserted by the plaintiff against the defendant as those asserted in the instant matter. The deaf and legally blind plaintiff-patient alleged that her physical therapy provider violated the ADA and RA by failing to provide an ASL interpreter during treatment. The Fifth Circuit held that emotional distress damages were not available under these statutes.[29]

Although Plaintiff herein disagrees with the Fifth Circuit's reasoning in *Cummings*, Plaintiff acknowledges that this Court "is duty-bound to dismiss her claims for emotional distress."[30] Nevertheless, Plaintiff maintains that she may still seek nominal damages in this matter despite not having specifically pled them in her *Complaint*. Plaintiff relies on language by the Fifth Circuit in *Cummings* demonstrating that, in evaluating what sort of damages are available in an RA/ACA case, the Fifth Circuit will look to the Restatement (Second) of Contracts. Thus, Plaintiff argues:

> It is well established under contract law that, where a contract has been breached, nominal damages should be awarded even where actual damages cannot be established. Starting with Louisiana contract law, "[t]here is a principle of law that where a contract has been breached, though not in bad faith, and no actual damages are proved, nominal damages may be allowed for the technical injury." *Green v. Farmers' Consolidated Dairy Co.*, 113 La. 869, 37 So. 858. The Restatement of Contracts also explains that, where a breach of contract is proven but it caused no otherwise-compensatable loss, an award of nominal damages will be awarded. *See* Restatement (Second) of Contracts § 346(2) ("If the breach caused no loss or if the amount of the loss is not proved under the

---

[27] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).
[28] 948 F.3d 673 (5th Cir. 2020).
[29] *Id.*
[30] Rec. Doc. No. 120, p. 3.
59610

rules stated in this Chapter, a small sum fixed without regard to the amount of loss will be awarded as nominal damages.").[31]

Plaintiff also notes that, in her *Third Amendment Complaint*, she pled for "[a]ny and all other relief that this Court finds necessary and appropriate."[32] Thus, Plaintiff claims this allegation contemplates an award for nominal damages.

The Court agrees. Plaintiff's allegations placed OLOL on notice that she was seeking damages, and the failure to specify damages as nominal should not bar Plaintiff's ability to recover same. Should Plaintiff carry her burden of proving a technical violation of the law, she may be entitled to nominal damages. Accordingly, summary judgment is not appropriate on this claim.

### III. CONCLUSION

For the reasons set forth above, OLOL's *Motion for Summary Judgment* is GRANTED in part and DENIED in part. Plaintiff's compensatory damage claims are dismissed with prejudice. OLOL's motion is denied regarding Plaintiff's claim for nominal damages and attorney's fees, which may be addressed after completion of the trial.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 23RD day of March, 2020.

_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[31] *Id.*
[32] Rec. Doc. No. 74, p. 16. Plaintiff cites the Restatement (Second) of Contracts § 346: "Although a breach of contract by a party against whom it is enforceable always gives rise to a claim for damages, there are instances in which the breach causes no loss.... There are also instances in which loss is caused but recovery for that loss is precluded because it cannot be proved with reasonable certainty or because of one of the other limitations stated in this Chapter.... In all these instances the injured party will nevertheless get judgment for nominal damages, a small sum usually fixed by judicial practice in the jurisdiction in which the action in brought. Such a judgment may, in the discretion of the court, carry with it an award of court costs."
59610