UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KATRINA RIVERS LABOULIERE,          CIVIL ACTION NO: 16-785
*individually and on behalf of the Estate*
*of* KATHERINE SMITH

versus                               JUDGE SHELLY D. DICK

OUR LADY OF THE LAKE HOSPITAL,       MAGISTRATE WILDER-DOOMES
INC.

### RULING

Before the Court is a *Motion in Limine*[1] by the Defendant, Our Lady of the Lake Hospital, Inc. ("OLOL"), to Exclude the Testimony of Judy Shepard-Kegl, Ph.D. The *Motion* is opposed by the Plaintiff, Katrina Rivers Labouliere ("Plaintiff"), who is proceeding on behalf of her deceased mother, Katherine Smith ("Decedant").[2] OLOL has filed a *Reply*.[3] For the reasons which follow, the *Motion*[4] shall be DENIED.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Katherine Smith, who was legally deaf,[5] received in-patient care at OLOL. Plaintiff alleges that the hospital "failed to provide Ms. Smith with the necessary interpretation services, and thereby failed to provide her with communication that was equal to that provided to hearing persons in a medical setting."[6] Plaintiff brings claims of disability

---

[1] Rec. Doc. 93.
[2] Rec. Doc. 109.
[3] Rec. Doc. 117.
[4] Rec. Doc. 93.
[5] The term "deaf" as used herein refers to the physiological condition of being hearing impaired. The term "Deaf" as used herein and as seemingly used by the parties refers to a person or culture or group who with hearing loss and who share a common culture and a shared language.
[6] Rec. Doc. 74, ¶ 1.

1

discrimination under the under Section 504 of the Rehabilitation Act of 1973 ("RA")[7] and Section 1557 of the Patient Protection and Affordable Care Act ("ACA")[8] and a companion state law claim under La. R.S. § 51:2231.[9]

Plaintiff alleges that:

> Katherine Smith [Plaintiff's deceased mother] was a Deaf individual who communicated primarily in American Sign Language ("ASL"), which was her most effective means of communication. Ms. Smith was a patient receiving treatment from Our Lady of the Lake Hospital. During her care at Our Lady of the Lake, Defendant frequently failed to provide Ms. Smith with the necessary interpretation services, and thereby failed to provide her with communication that was equal to that provided to hearing persons in a medical setting.[10]

Plaintiff claims that in order to effectively communicate, and thus meaningfully participate in health care decision making, the decedent required, but was not provided with an ASL interpreter.

Plaintiff retained Judy Anne Shepard-Kegl, Ph.D. **("Shepard-Kegl"**), identifying her as an expert in **"**Deaf communication; Deaf culture; American Sign Language; Language development; Communication by and with Deaf individuals; Interpretation between English and American Sign Language; VRI; The communication abilities and needs of Deaf individuals; linguistics; American Sign Language word formation; ASL medical interpreting."[11]

---

[7] 29 U.S.C. § 794; Rec. Doc. 74, ¶ 4.
[8] 42 USC § 18116; Rec. Doc. 74, ¶ 4.
[9] La. Rev. Stat. art. 51:2231.
[10] Rec. Doc. 74 ¶ 1.
[11] Rec. Doc. 93-2 p. 1.

2

## II.   LAW AND ANALYSIS

Plaintiff submits that Shepard-Kegl is an expert in linguistics and signed language, and aims to offer her to explain to the jury "the preferences and communication abilities of Deaf individuals".[12] Specifically Shepard-Kegl will be offered to "present in a general fashion the communication needs and what auxiliary aids Deaf individuals require to effectively communicate in their interactions with individuals who can hear".[13] Shepard-Kegl discloses in her report that she did not do "a specific assessment of the plaintiff in the case."[14] Hence Shepard-Kegl will not opine as to the effectiveness or meaningfulness of the communication between OLOL and the decedent, rather she proposes to opine regarding "concerns general issues of language proficiency and cultural identification regarding Deaf individuals, and how that speaks to their communication needs in a variety of related contexts."[15]

Defendant moves to exclude Shepard-Kegl under *Daubert*[16] on relevance grounds. Defendant argues that the ACA and the RA require evidence of actual knowledge and therefore opinion testimony that goes to best practices is tantamount to a constructive knowledge standard and therefore irrelevant. Defendant argues that "the relevant question for the jury to decide is whether OLOL actually knew that harm to a federally protected right was substantially likely and failed to act. The standard is not one of constructive knowledge, but actual knowledge. This is not a "knew or should have known" standard."[17]  Movant relies on *Miraglia v. Bd. of Supervisors of Louisiana State*

---

[12] Rec. Doc. 109 p. 1.
[13] Rec. Doc. 93-3 ("Shepard-Kegl Report").
[14] *Id.*
[15] *Id.*
[16] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).
[17] Rec. Doc. 93-1 (emphasis eliminated).

3

*Museum*.[18] However the Court notes that the Circuit expressly declined to "delineate the precise countours [of intent]" in *Miraglia.*[19]

*Maraglia* presented claims under and the RA and the ADA, whereas this case presents claims under the RA and the ACA. Under § 1557 of the ACA, "an individual shall not, on the ground prohibited under ... [§ 504 of the RA], be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance."[20] Inasmuch as §1557 of the ACA incorporates §504 of the RA, to show a violation of either statute, a plaintiff must prove "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability."[21] Intent is a necessary element of a damages claim under these anti-discrimination statutes. However, the "precise contours" of the intent element have not been delineated by the Fifth Circuit.[22] The guidance from the Fifth Circuit is "that intent requires that the defendant have actual notice of a violation."[23] The "defendant must have notice of a violation before intent will be imputed."

OLOL argues the intent element requires proof that "OLOL actually knew that harm to a federally protected right was substantially likely and failed to act".[24] OLOL further

---

[18] 901 F.3d 565 (5th Cir. 2018).
[19] *Id* at 575.
[20] 42 U.S.C. § 18116(a).
[21] *Miraglia v. Board of Supervisors of Louisiana State Museum*, 901 F.3d 565, 574 (C.A.5 (La.), 2018), quoting *Hale v. King*, 642 F.3d 492, 499 (5th Cir.2011) (per curiam). These cases presented claims under the RA and ADA but the Court finds the elements required to prove liability under § 1557 of the ACA are the same.
[22] Miraglia, *Id* at 575.
[23] *Id*.
[24] Rec. Doc. 93-1.

argues that "the relevant inquiry is whether OLOL employees that interacted with Ms. Smith actually knew that Ms, Smith's rights would be violated, and failed to act".[25] OLOL argues that Shepard-Kegl's opinion testimony is not probative of whether "OLOL personnel actually knew that Ms. Smith was unable to communicate effectively and failed to act" and that while Shepard-Kegl's opinions may be probative of what OLOL employees should have known her opinions are not germane to actual knowledge.[26]

Shepard Kegl will be offered to explain "Ms. Smith's primary language and how it differ[ed] from English."[27] Plaintiff relies on *Perez v. Doctors Hosp. at Renaissance, Ltd*.[28] arguing that the failure to "provide training on addressing the needs of the deaf" is evidence of intentional discrimination.[29] Essentially, Plaintiff argues that Shepard-Kegl will explain the very language barriers that OLOL staff should have been trained to understand but were not.

Under FRE 702 an expert who is qualified by "scientific, technical, or other specialized knowledge" may give opinion testimony if it will "help the trier of fact to understand the evidence or to determine a fact in issue". There is no dispute that Shepard-Kegl is qualified. The question is whether Shepard-Kegl's opinions are relevant. To understand whether Ms. Smith was provided with an effective opportunity to communicate with her healthcare providers, requires some understanding of the difference between the spoken English language and the signed ASL. Shepard-Kegl is qualified to opine regarding the communication needs of deaf persons. The Court finds

---

[25] *Id.*
[26] *Id.*
[27] Rec. Doc. 109.
[28] 624 F.Appx 180 (5th Cir. 2015).
[29] Rec. Doc. 109.

5

that such opinion testimony is relevant. As for the danger of prejudice, the jury will be instructed on the intent element and the Court will consider a special verdict interrogatory on the intent element. Furthermore, on cross examination, it can be demonstrated that Shepard-Kegl's opinion does not address the actual communication between Ms. Smith and her OLOL health care providers. Hence the Court finds that the danger of prejudice can be ameliorated. The Court finds that deaf communication is a subject beyond the common understanding of an average juror and that expert testimony to explain the nuances and distinctions between spoken English and AL will assist the trier of fact to understand the evidence.

### III.   CONCLUSION

The Defendants' *Motion in Limine to Exclude the Testimony of Judy Shepard-Kegl, Ph.D.* (Rec. Doc. 93) is DENIED.

Signed in Baton Rouge, Louisiana on May 13, 2020.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**