UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KATRINA RIVERS LABOULIERE,
*individually and on behalf of the Estate of*
KATHERINE SMITH

CIVIL ACTION NO: 16-785

versus

JUDGE SHELLY D. DICK

OUR LADY OF THE LAKE HOSPITAL, INC.

MAGISTRATE WILDER-DOOMES

## RULING

Before the Court is a *Motion to Reconsider Ruling on Motion Limine*[1] by the Defendant, Our Lady of the Lake Hospital, Inc. ("OLOL"), The *Motion* is opposed by the Plaintiff, Katrina Rivers Labouliere, who is proceeding on behalf of her deceased mother, Katherine Smith.[2] For the reasons which follow, the *Motion for Reconsideration* shall be DENIED.

In the Motion before the Court, Defendant OLOL re-doubles its effort to exclude Plaintiff's expert witness Jody N. Prysock, M.S., C.I. ("Prysock"). OLOL argues that the Court failed in its gatekeeping under *Daubert*[3] asserting that Prysock lacks expert qualifications and that her opinions are unreliable because of her reliance on allegedly flawed or inaccurate information and methodology.

### I.     PRYSOCK'S QUALIFICATIONS

OLOL argues that Prysock has an "utter lack of professional experience, education, training" and that the Court failed to "rely upon any specific experience,

---

[1] Rec. Doc. 130.
[2] Rec. Doc. 131.
[3] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

1

education, or technical knowledge possessed by Ms. Prysock in its determination that her opinions were reliable." OLOL conflates qualifications and reliability. Prysock's qualifications as revealed in her CV[4] show the following:

### A. Experience

July 2013 – Present - Freelance Sign Language Interpreter/Trainer/Consultant

October 2008 – July 2013 – Director of Language, Cultural and Disability Services, NYU Langone Medical Center, NY, NY

October 2002 – October 2008 - Manager, Deaf and Hard of Hearing Program NYU Langone Medical Center, NY, NY

September 1995 – October 2002 - Clinical Deafness Liaison, Deaf and Hard of Hearing Program at New York Presbyterian Hospital, Westchester Division, White Plains, NY

NYU Langone Medical Center, job responsibilities included:

> Founded and developed the Deaf and Hard-of-Hearing Program and Language, Cultural and Disability Services;
>
> Developed Language Access Plan, language access policies, ADA and nondiscrimination policies;
>
> Managed all sign language and spoken language interpreting services, (staff, freelance, and agency);
>
> Managed translation services

### B. Education and Certifications

1996 Masters of Science, Applied Counseling - Long Island University, New York

1991 Bachelor of Science, Summa cum Laude - Mercy College, New York

2001 Advanced Seminar and Observation - 40 hours, Mental Health Interpreting, University of Rochester

2000 Certificate of Interpretation, National Registry of Interpreters for the Deaf

---

[4] Rec. Doc. 107-1.

2

### C. Publications and Professional Contributions

Co-author of a guide for effective communication in healthcare

Adjunct professor at the CUNY School of Professional Studies, 2007-present

Chair of the Healthcare Access Expert Committee, National Association of the Deaf

The Court reiterates its earlier finding that Prysock is qualified by "knowledge, skill, experience, training, or education"[5] to render opinion testimony in the field of Deaf communication in a medical setting.

## II. RELIABILITY

For the first time in its Motion for Reconsideration, OLOL advances 2 new arguments: 1) that Prysock's reliance on a site visit to OLOL as a basis for her opinions was improper, and 2) that Prysock's reliance OLOL's policies was flawed because the policy document she reviewed incomplete.[6] In its extensive Memorandum in support of its Motion to exclude Prysock[7], OLOL did not challenge these reliance materials. In a legally well-supported opposition memorandum, the Plaintiff correctly argues that these new issues are improper and untimely.[8] This Court is chagrin to consider arguments raised for the first time in a motion for reconsideration without adequate justification and OLOL provides none.

Without citation to any legal authority OLOL argues that Prysock's reliance on observations from the site visit is somehow improper because the site visit was not a deposition and was scheduled in connection with another case. OLOL's arguments are utterly unsupported. As pointed out by the Plaintiff the site inspection took place in

---

[5] Fed. R. Evid. 702.
[6] Rec. Doc. 130-1 p. 7.
[7] Rec. Doc. 94-1.
[8] Rec. Doc. 131.

November 2017. Defendant had notice that Ms. Prysock was going to attend the site inspection since October 2017. Prysock was designated as an expert witness in March 2019 and OLOL did not raise any objections to the inclusion of this site visit in Ms. Prysock's report when it received her report in June 2019. Prysock was deposed in September 2019 and questioned about the site inspection. Yet, Defendant did not raise the argument that Prysock's reliance on observations from the site visit was improper in its Motion in Limine filed in October 2019. OLOL failed to challenge Prysock's reliance on the site visit until after its motion in limine was rejected by the Court.

Now, for the first time, OLOL advances the legally unsupported position that Prysock's reliance on the site visit was improper and renders her report unreliable and her opinion infirm because the site visit was not a deposition and was not conducted "in this matter; rather, it was performed in a separate matter involving a request for preliminary injunction".[9]

This is one of several related cases, involving disability discrimination claims by deaf patients against OLOL. The related cases, including the instant matter were consolidated for discovery.[10] Without objection, Prysock issued a single joint report for the five related OLOL cases.[11]

OLOL concedes that "[t]he purpose of the inspection was to review the modalities available at the time of the inspection".[12] OLOL may cross examine Prysock on the veracity of her observations and on her recollection of statements allegedly made by an

---

[9] Rec. Doc. 130-1 p. 2.
[10] Rec. Doc. 42, 64. Ultimately, this matter was severed from the consolidation order because of a stay Order. Rec. Doc. 66.
[11] Rec. Doc. 94-3.
[12] Rec. Doc. 130-1 p. 4.

OLOL employee at the time of the site visit. Notably, the OLOL employee who allegedly made statements recounted by Prysock was deposed for trial purposes by OLOL on September 11, 2019.[13] Plaintiff represents that she was not questioned about her recollection of the site visit.

OLOL additionally argues that Prysock's review and criticism of OLOL policies is flawed and renders her opinions unreliable because the policy she reviewed was "incomplete and outdated". As part of her report, Ms. Prysock reviewed and redlined OLOL's policies for Care of the Sensory (Hearing, Speech, Visually) Impaired Patients.[14] If Prysock reviewed an "outdated" copy of OLOL's policies as argued by OLOL, this can be adequately addressed on cross-examination. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility and should be left for the jury's consideration."[15]

### III. CONCLUSION

For the above outlined reasons, OLOL's *Motion to Reconsider Ruling on Motion Limine*[16] is hereby DENIED.

Signed in Baton Rouge, Louisiana, on <u>August 31, 2020</u>.

                                   *Shelly D. Dick*
                                   **CHIEF JUDGE SHELLY D. DICK**
                                   **UNITED STATES DISTRICT COURT**
                                   **MIDDLE DISTRICT OF LOUISIANA**

---

[13] Rec. Doc. 130-2.
[14] Rec. Doc. 94-3 p. 12; Rec. Doc. 107-2.
[15] *U.S. v. 14.38 Acres of Land, More or Less Situated in Leflore County, State of Miss.,* 80 F.3d 1074, 1077 (5th Cir.1996)(citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987)).
[16] Rec. Doc. 130.