UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KATRINA RIVERS LABOULIERE,
*individually and on behalf of the Estate of*
KATHERINE SMITH

CIVIL ACTION NO: 16-785

versus

JUDGE SHELLY D. DICK

OUR LADY OF THE LAKE HOSPITAL, INC.

MAGISTRATE WILDER-DOOMES

## RULING

Before the Court is are *Consolidated Motions in Limine*[1] by the Plaintiff, Katrina Rivers Labouliere ("Labouliere"), who is proceeding on behalf of her deceased mother, Katherine Smith ("Smith"). Defendant, Our Lady of the Lake Hospital, Inc. ("OLOL"), has filed a *Memorandum in Opposition*[2] For the reasons which follow, the *Motion*[3] shall be GRANTED in part and DENIED in part.

The Court will not review the facts or the procedural posture which have been addressed by the Court in prior *Rulings*.[4]

### 1. Arguments Regarding Plaintiff's Dismissed Claim for Compensatory Damages and Prevailing Party Attorney's Fees

Pursuant to the law in this Circuit,[5] this Court dismissed Labouliere's claim for compensatory damages.[6] Plaintiff's claims for nominal damages and attorneys' fees remain pending. Citing FRE 403, Plaintiff moves to exclude argument and evidence that

---

[1] Rec. Doc. 160.
[2] Rec. Doc. 167.
[3] Rec. Doc. 160.
[4] Rec. Docs. 50, 110, 125, 126, 132, & 157.
[5] *Jane Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673 (5th Cir. 2020).
[6] Rec. Doc. 126.

1

that "this litigation was motivated by Ms. Labouliere's desire for compensatory damages."[7] Plaintiff further moves to exclude argument regarding prevailing party attorney's fees, contending that "[d]iscussions of "prevailing parties" and "reasonable attorney's fees" will confuse the Jury and unfairly prejudice Plaintiff."[8] In opposition, OLOL argues that "OLOL expects counsel for plaintiff to appeal emotionally to the jury by claiming that all plaintiff is seeking is nominal damages, and that this would be a small price for OLOL to pay to vindicate her deceased mother's civil rights."[9]

Because neither the question of compensatory damages nor attorney's fees will be the subject of jury deliberations, the *Motion in Limine* to exclude reference to dismissal of the compensatory damage claim and reference to prevailing party attorney's fees is GRANTED. The Court will instruct the jury on the scope of damages available and will give the Fifth Circuit pattern jury charge on prevailing party attorney's fees which, if triggered, are a matter for determination by the Court. The parties are hereby instructed that they are not to refer to the limited nature of nominal damages available, the dismissal of the compensatory damages claims, or attorney's fees.

**2. Admissibility of Medical Records and Testimony of Dr. Peavy**

Defendant has identified Dr. Peavy as a witness and Smith's medical records from her care and treatment with Dr. Peavy as an exhibit.[10] According to Plaintiff, Dr. Peavy's records pertain to "medical care for several years before her diagnosis of terminal liver cancer at OLOL."[11] Plaintiff argues that, save one entry in the 350 pages of Dr. Peavy's

---

[7] Rec. Doc. 160-1, p. 2.
[8] *Id.*
[9] Rec. Doc. 167, p. 6.
[10] Rec. Doc. 50, Exhibit C, under seal.
[11] Rec. Doc. 160-1, p. 4.

2

records, "these records do not contain any information about how Ms. Smith communicated with Dr. Peavy and other providers at Imperial Health."[12]

OLOL counters that, "[d]espite plaintiff's claims that Ms. Smith could not read or write written English, Dr. Peavy's records are replete with examples wherein Ms. Smith communicated with him or his office in writing."[13] OLOL argues that "Dr. Peavy's records demonstrate that Ms. Smith communicated in a medical setting in writing on a regular basis [and that] there are numerous emails with Ms. Smith, intake forms where Ms. Smith completed demographic and other information, documentation (such as authorizations) completed and signed by Ms. Smith, and numerous other examples showing that Ms. Smith was competent and comfortable communicating in a medical setting through writing."[14]

OLOL has identified Dr. Peavy as a "may" call trial witness to testify to the "the medical treatment he provided to Ms. Smith, what methods/modalities of communication were used to communicate with Ms. Smith."[15]  Plaintiff argues that "[p]ermitting Dr. Peavy to testify about his interactions with Ms. Smith, which have absolutely no bearing on whether Defendant provided Ms. Smith with adequate auxiliary aids will confuse the jury and unfairly prejudice Plaintiff."[16] OLOL responds that Dr. Peavy's testimony will reveal the falsity of Plaintiff's allegations "that Ms. Smith could not read or write in English—by having Dr. Peavy testify that he regularly communicated with Ms. Smith, in a medical setting (both he and Ms. Smith writing back and forth to each other)."[17] OLOL contends

---

[12] *Id.*
[13] Rec. Doc. 167, p. 7.
[14] *Id.*
[15] Rec. Doc. 150.
[16] Rec. Doc. 160-1, p. 4.
[17] Rec. Doc. 167, p. 9.

that Dr. Peavy's testimony is probative of its defense that written communication with Smith was an effective auxiliary aid for communicating with Smith in a medical setting.[18] The Court agrees. Plaintiff's *Motion in Limine* to exclude the records and testimony of Dr. Peavy is DENIED, without prejudice to urging evidentiary objections at the time of trial.

### 3. Evidence and argument that Dr. Peavy is a previously dismissed Defendant

Plaintiff maintains that testimony and argument regarding Dr. Peavy's prior status as a defendant in this action will only serve to mislead the Jury and confuse the issues.[19] OLOL counters that, "[g]iven that Dr. Peavy will testify that his normal method of communicating with Ms. Smith was to do so in writing, the jury is entitled to know that plaintiff apparently does not think that this type of communication is ineffective, since she chose to dismiss the claims against Dr. Peavy."[20]

OLOL's response highlights the prejudicial effect of permitting evidence and/or argument regarding the prior dismissal of Dr. Peavy. Parties may be dismissed from lawsuits for a host of reasons. The prior dismissal of Dr. Peavy is not necessarily probative of whether written communications with Mrs. Smith in a medical setting were effective. Because Dr. Peavy may have been dismissed for any number of reasons, asking the jury to draw the inference that Dr. Peavy was dismissed because his written communications with Mrs. Smith were effective is more prejudicial than probative; thus, the *Motion in Limine* to exclude reference to Dr. Peavy's dismissal is GRANTED.

---

[18] *Id.*
[19] Rec. Doc. 160-1, p. 7.
[20] Rec. Doc. 167, p. 10.

4

### 4. Admissibility of Smith's Obituary

OLOL has identified Smith's obituary as an exhibit for trial.[21] Plaintiff argues that Smith's obituary is inadmissible hearsay and must be excluded. Plaintiff further argues that "defendant is attempting to introduce Ms. Smith's obituary for the sole reason of establishing that she 'loved reading.'"[22] OLOL counters that the obituary is admissible as an exception to the hearsay rule as "a statement of fact about a personal or family history contained in a family record."[23] OLOL further argues that the obituary is admissible to cross-examine plaintiff's experts "who made no inquiry into Ms. Smith's reading ability."[24]

The Court finds that the statement in Smith's obituary which describes her love of reading is probative of the effectiveness of communication and may be admissible on cross examination of experts. Accordingly, the *Motion in Limine* to exclude the obituary is DENIED without prejudice to making objections at trial.

### 5. Objections Raised in *Francois v. OLOL* to Inspection by Jody Prysock and related Transcript of Hearing.

OLOL will seek to introduce objections to a site visit by Plaintiff's expert Jody Prysock filed in the related case of *Francois v. Our Lady of the Lake, Inc.*[25] and a transcript of the hearing in the *Francois* matter regarding the scope of the site visit. The Court finds that this proposed evidence is confusing and irrelevant. Accordingly, the *Motion in Limine* is GRANTED on this issue. The court will consider an explanatory jury instruction if requested by the parties.

---

[21] Rec. Doc. 150.
[22] Rec. Doc. 160-1, p. 8.
[23] *Id.* (quoting FRE 803(13)).
[24] *Id.*
[25] Rec. Doc 150.

In conclusion, Plaintiff's *Consolidated Motions in Limine*[26] are granted in part and denied in part as set forth herein.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 8th day of December, 2020.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[26] Rec. Doc. 160.